UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY LAJUAN MCCAULEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17CV780 SPM ) |
| ARCHIE SHAW, et al., | ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff, Jerry McCauley, registration no. 170121), an inmate at Algoa Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.77.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. Prior to this case being filed, a related underlying criminal case was filed

---

[1] A review of plaintiff's account indicates an average monthly deposit of $23.86, and an average monthly balance of $.01. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.77, which is 20 percent of plaintiff's average monthly deposit.

1

against plaintiff in Missouri State Court. *See State v. McCauley*, Case No.1422-CR02392-01 (21st Judicial Circuit, St. Louis City Court). After a jury trial in St. Louis City Court, plaintiff was found guilty of Class A misdemeanors of resisting a lawful detention, § 575.150, RSMo 2000, and possession with intent to use drug paraphernalia, § 195.233, RSMo 2000. The Honorable Dennis Schaumann sentenced plaintiff to one year in a Medium Security Institution on each count. Plaintiff subsequently appealed his conviction to the Missouri Court of Appeals where the matter is currently under review. *See State v. McCauley*, Case No. ED104138.

The State filed a cross-appeal of the trial court's order granting plaintiff's motion for judgment of acquittal notwithstanding the verdict as to one count of unlawful possession of a firearm. The State's appeal has been consolidated with plaintiff's appeal. *Id.*

## The Complaint

In this case, plaintiff asserts claims for false arrest, false imprisonment and malicious prosecution as a result of an alleged false arrest that allegedly occurred on June 19, 2014. He brings this action against the seven St. Louis City Police Detectives who were involved in his arrest, as well as an unnamed, Unknown Confidential Informant who was also part of his arrest.

In the complaint, plaintiff alleges that the seven St. Louis City Police Detective defendants started surveilling him, his car and his girlfriend's residence during the week of June 2, 2014, acting on a "tip" from defendant Unknown Confidential Informant that plaintiff was selling heroin. Plaintiff states that on June 12, 2014, defendant Shaw obtained a search warrant from a St. Louis City Circuit Court Judge; however, plaintiff believes that the search warrant was based on material misstatements and omissions of material facts. Plaintiff claims that the defendant Detectives gathered on June 19, 2014 to execute the warrant, waiting until plaintiff

2

showed up at his girlfriend's residence. Plaintiff claims that when he exited the residence, he saw the Detectives exit their car and he started running across a field and felt a pain in his right arm, and found out he had been hit by a taser in his arm. He was then ordered by the Detectives to get on the ground, and he states he was subdued by the defendant Detectives and "pounced upon" until he was placed in handcuffs.

After plaintiff was taken into custody he claims that he was taken to his girlfriend's residence and both the residence and his car were searched and evidence was "manufactured" in a ninety-minute search, which was used to "charge, indict and try" plaintiff. Plaintiff states that this manufactured evidence was also used in a parole revocation hearing in order to revoke his parole.

According to public records, a search of the residence resulted in finding in the kitchen, heroin, a digital scale, sandwich bags, empty capsules, and a nine millimeter semi-automatic pistol. Police also found two pairs of scissors with a white powder on them and a toothbrush in a drawer in the kitchen. In the bathroom the officers located a .40 caliber semi-automatic pistol under the sink. *See State of Missouri v. McCauley*, No. ED104138, Appellant's Brief, p. 6. In the bedroom, police located a plastic bag of marijuana, approximately $5000 in cash, a .380 semi-automatic pistol, a prescription medicine and doctor's cards for future appointments in the plaintiff's name. Also located was men's clothing and bank statements addressed to the plaintiff. In a separate closet, the officers located women's clothing and ammunition and a box for a .380 caliber pistol. *Id.*

After a jury trial, plaintiff was found guilty, as noted above, of one count of unlawful possession of a firearm, one count of possession with intent to use drug paraphernalia, and one

3

count of misdemeanor resisting arrest. *See State v. McCauley*, Case No.1422-CR02392-01 (21st Judicial Circuit, St. Louis City Court). The trial court then granted plaintiff's motion for acquittal as to the charge of unlawful possession of a firearm and sentenced plaintiff to one year on each of the remaining counts. *Id.*

Plaintiff's claims in this lawsuit arise under the Fourth Amendment and include: lack of probable cause; false/misleading affidavit; plaintiff/manufacturing evidence; malicious prosecution; false arrest; false imprisonment; warrantless search; warrantless seizure; and two claims of excessive force, primarily against defendant Willis for shooting a Taser at plaintiff during the course of his arrest.[2]

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment,

---

[2]Plaintiff also seems to generally claim excessive force against all seven Detectives for their part in subduing him during handcuffing him during the course of his arrest. However, plaintiff's statements referencing excessive force against defendants are conclusory and if reviewed pursuant to 28 U.S.C. § 1915 would not at this time survive initial review under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A plaintiff must demonstrate a plausible claim for relief, which is "more than the mere possibility of misconduct."). The Court notes that an excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Kuha v. City of Minnetonka*, 328 F.3d 427, 434 (8th Cir.2003) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). This test "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable.'" *Graham*, 490 U.S. at 397. "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983).

where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for illegal seizure, false arrest and false imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal case of *See State v. McCauley*, Case No.1422-CR02392-01 (21st Judicial Circuit, St. Louis City Court).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *See State v. McCauley*, Case No.1422-CR02392-01 (21st Judicial Circuit, St. Louis City Court).

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *See State v. McCauley*, Case No.1422-CR02392-01 (21st Judicial Circuit, St. Louis City Court). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 28th day of February, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE